BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

MICHAEL L. CAREY, )
)
    Plaintiff, )
)
vs. )
)
WAL-MART STORES, INC. )
)
    Defendant. )
)

COPY
Original Received
NOV - 6 2017
Clerk of the Trial Courts

Case No. 3AN-17- 10212 CI

## COMPLAINT

COMES NOW the plaintiff, MICHAEL CAREY, by and through his attorneys, BARBER & ASSOCIATES, LLC, and for his complaint against defendant WAL-MART STORES, INC., does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. That at all times material hereto, defendant was and is a Delaware corporation doing business in Anchorage, Alaska.

3. The defendant is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or agency and/or respondeat superior.

4228/01 Complaint
Carey v. Wal Mart Stores, Inc.
Page 1

4. The defendant owned and/or managed and/or occupied and/or controlled a Wal Mart store at 8900 Old Seward Highway, Anchorage, Alaska.

5. The defendant was doing business as Walmart.

6. The plaintiff was a customer of defendant's business.

7. The defendant had a duty to use care and diligence to keep and maintain the premises at 8900 Old Seward Highway in a condition that is reasonable safe for intended users and free from defects and conditions which would render it dangerous and unsafe for plaintiff and other users, or that present an unreasonable risk of harm to plaintiff in his lawful use of the premises.

8. On or about 9/10/17, one or more of the defendant's employees positioned a patio chair in a display in its store at 8900 Old Seward Highway.

9. The displayed patio chair was precariously placed.

10. The displayed patio chair was not stable.

11. The defendant's customers were authorized to sit on the displayed patio chairs in its store.

12. The defendant's employees expected that customers would sit in the displayed patio chairs to try them out.

13. No signs prohibited sitting in the displayed patio chairs in the defendant's store.

14. No signs warned of any risks of customers sitting on displayed patio chairs.

15. The plaintiff was shopping in Walmart at 8900 Old Seward Highway on 9/10/17.

16. The plaintiff had a reasonable expectation that the defendant's display patio chair was safely positioned.

17. The plaintiff had a reasonable expectation that the defendant's displayed patio chair was stable.

18. The plaintiff had a reasonable expectation that he could safely sit on the defendant's displayed patio chair.

19. When the plaintiff sat in the displayed patio chair on or about 9/10/17, the chair tipped and the plaintiff fell.

20. The plaintiff was injured when the chair tipped and caused the plaintiff to fall.

21. The plaintiff was reasonably using the chair in the defendant's store.

22. One or more of defendant's employees positioned the displayed patio chair in an unsafe manner on the display deck.

23. One or more of defendant's employees positioned the displayed patio chair too close to the edge of the display deck before the plaintiff sat in the patio

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

chair.

24. The defendant was responsible for the safety of patrons at the area where plaintiff fell and was injured.

25. The defendant was negligent and/or reckless for failure to take steps to make sure that its displayed patio chair was safe and causing harm to the plaintiff for which the defendant is liable.

26. The defendant is liable for negligent failure to warn of hazardous or unsafe conditions which was a substantial factor in causing harm to the plaintiff.

27. The defendant is liable for negligent training and/or supervision and/or retention which was a substantial factor in causing harm to the plaintiff.

28. The plaintiff reported his fall to defendant's representatives the day he fell, on or about 9/10/17.

29. The plaintiff asked to speak with a manager on the day he fell, on or about 9/10/17.

30. A Wal Mart employee who identified himself as "Mike" spoke with plaintiff on the day he fell.

31. The plaintiff and/or the defendant's employees completed an incident report on or about 9/10/17.

32. The plaintiff requested a copy of the incident report.

33. The defendant's representatives refused to give plaintiff a copy of the incident report.

34. The defendant has video surveillance cameras at the 8900 Old Seward Highway premises.

35. The defendant's video surveillance cameras captured the plaintiff's fall on or about 9/10/17.

36. The defendant's video surveillance cameras captured defendant's employees positioning the displayed patio chair before the plaintiff's fall on or about 9/10/17.

37. The defendant's video surveillance cameras captured the displayed patio chair between when the defendant's employees positioned it and when the plaintiff fell.

38. The defendant's representatives have viewed the video.

39. The defendant's representative Mike told plaintiff he had viewed the video and that it showed the fall.

40. The plaintiff requested to see the video.

41. The defendant's representatives refused to let plaintiff view the video.

42. The plaintiff requested a copy of the video.

43. The defendant's representatives refused to give plaintiff a copy of the

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

video.

44. The defendant's representatives told plaintiff the video of the fall had been sent to defendant's national headquarters.

45. Video depicting the fall is relevant and must be disclosed with initial disclosures.

46. Video depicting defendant's employees positioning the patio chair prior to the fall is relevant and must be disclosed with initial disclosures.

47. Video between when the defendant's employees positioned the patio chair and when the plaintiff fell is relevant and must be disclosed with initial disclosures.

48. All video of the plaintiff before and after the fall on the day of the fall, on or about 9/10/17, is relevant and must be disclosed with initial disclosures.

49. On information and belief, the defendant negligently and/or recklessly and/or intentionally set video retention policies to review and keep video of customers claiming injury, but not of the employee conduct which gave rise to the injury.

50. On information and belief, the defendant failed to retain video depicting its employees positioning the displayed patio chair before the plaintiff fell.

51. On information and belief, the defendant negligently and/or recklessly and/or intentionally spoliated video showing its employees positioning the displayed

patio chair.

52. On information and belief, defendant did not retain video of its employees' conduct prior to customer falls prior falling injuries captured on video surveillance at the defendant's stores nationwide.

53. Fall prevention policies at the defendant's store were set by Wal-Mart Stores, Inc based on incidents and experiences at Walmart stores nationwide.

54. Prior to the plaintiff's fall, the defendant negligently and/or recklessly and/or intentionally failed to take reasonable steps to prevent customer fall injuries, including but not limited to reasonably investigating employee conduct giving rise to customer injuries.

55. Prior to the plaintiff's fall, the defendant failed to take reasonable steps to identify where and/or how to set up the patio chair to prevent injury to customers.

56. The defendant's conduct evidenced reckless indifference to the interests of others and/or was outrageous.

57. The defendant is liable for punitive and/or exemplary damages.

58. The defendant is liable for past and/or future: medical expense, pain, suffering, disability, loss of enjoyment of life, inconvenience, physical impairment, loss of earnings, loss of earning capacity, loss of non market household services, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in an

amount in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

WHEREFORE, having fully pled the plaintiff's complaint, plaintiff requests a judgment against defendant in excess of $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 2 day of November, 2017.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
ADAM WINNER
AK Bar #1205041

4228/01 Complaint
Carey v. Wal Mart Stores, Inc.
Page 8

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817